IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert L. Kier,<br><br>   Petitioner,<br><br>v.<br><br>Steve Knight, *Warden*,<br><br>   Respondent. | Case No.: 8:20-cv-4496-SAL<br><br>**OPINION AND ORDER** |

  This matter is before the Court for review of the Mach 17, 2021 Report and Recommendation ("Report") of United States Magistrate Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 18]. In the Report, the Magistrate Judge recommends the be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure. *Id.* No party filed objections to the Report, and the time to do so has passed. *See Id.*

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the Court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

1

After a thorough review of the Report, the applicable law, and the record of this case in accordance with the above standard, the Court finds no clear error, adopts the Report, and incorporates the Report by reference herein. Accordingly, this action is DISMISSED pursuant to Rule 41 of the Federal Rules of Civil Procedure. Petitioner's motion seeking immediate consideration, ECF No. 2, is DENIED as MOOT.[1]

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

    IT IS SO ORDERED.

April 16, 2021  
Florence, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge

---

[1] The Magistrate Judge carefully reviewed Petitioner's motion for expedited consideration of his Petition and found it to be without merit. [ECF No. 6].

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."